## WYNN vs. THE STATE OF GEORGIA.

That the drayman who hauled the stolen goods from the house in which they were stolen participated in the larceny, may be inferred from the fact that he carried them to an acquaintance of his own and left them for temporary safe-keeping, and afterwards said they were sent there by one of the persons who assisted him in loading, which person was not known to the drayman's acquaintance who received and took charge of the goods at his request.

October 17, 1888.

Criminal law. Evidence. Verdict. New trial. Before Judge VAN EPPS. City court of Atlanta. March term, 1888.

Reported in the decision.

R. J. JORDAN, for plaintiff in error.

F. M. O'Bryan, solicitor, for the State.

BLECKLEY, Chief Justice.

The evidence was not insufficient to warrant a conviction. The *corpus delicti* was established. That hay and oats were stolen from the house as alleged, at or after dark, and that they were carried by the accused on his dray to the store of Cater in another quarter of the city and there deposited, can admit of no question. It is certain, too, that Flemister or Nunnally, or both, participated in the larceny and shared in the criminal design. The only matter admitting of any doubt is whether Wynn, the plaintiff in error, was their victim or their accomplice. This point is sufficiently cleared up by one fact, on which the evidence is all one way, to wit, that Cater and Flemister were unknown to each other. In accounting for his conduct, Wynn said Flemister told him to carry the

goods to Cater's. The evidence is, that Cater did not know Flemister, and this being so, there is every probability that Wynn selected the place of deposit, the place where he had been making his own purchases of forage. He may by possibility be innocent, but the jury have judged him by a process of moral reasoning, and all we can say is that their premises justified their conclusion.

Judgment affirmed.